469 P.2d 842

George Jud HIRD, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Papago Motor Hotels, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 339.

Court of Appeals of Arizona, Division 1, Department A.

May 27, 1970

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by R. Kent Klein, Phoenix, for respondent carrier State Compensation Fund.

STEVENS, Judge.

On 22 February 1968, while in the course of his employment, the petitioner sustained a myocardial infarction resulting in some permanent heart damage. The Commission found that there was no causal relationship between the conditions and activities of the petitioner's employment and the heart damage. The Commission entered its award holding the claim to be a noncompensable claim. It is this award which is before us for review. This case is decided under the law as it existed prior to 1 January 1969.

Prior to the formal hearing held on 20 January 1969 the petitioner's attorney strenuously objected to the suggestion of the attorney for the Fund that the file be submitted to a Board after the taking of the evidence. The petitioner through his attorney agreed to submit to a physical examination.

At the 20 January hearing there was lay testimony as to the stress and strain of the petitioner's employment and as to his physical activities on 22 February 1968. The petitioner's attending physician testified. He had been the petitioner's personal physician for some time. The physician was asked whether he specialized and replied, "No, I'm in family practice." He estimated that twenty percent of his practice consisted of cardiovascular problems. He expressed the following opinions:

"A. Well, I think that Mr. Hird was under a great deal of emotional stress and strain, and particularly at this time of year, coupled with the physical fatigue from long hours of work, coupled with the physical exertion of moving television sets, which is not really a part of a manager's normal duties, that probably precipitated his infarction."

We also find the following question and answer:

"Q. Then you say from a reasonable medical probability that the stress, tension and exertion of his job had a causal relation with this particular attack?

"A. Oh, yes, and with the almost warning-like symptoms of having some angina prior to this, I would say definitely."

At the close of the taking of the evidence on 20 January, the Fund's attorney requested that the file be referred to a Cardiovascular Advisory Board. Strong objections were urged by the petitioner's counsel. The hearing officer referred the matter to a Board, stating:

"THE REFEREE: Well, I would like their opinion, not on whether or not he had a heart attack, but on causation, so its been requested and I will submit it to the Board."

■ Heart problems, their analysis and their cause, are medical problems. Where, as here, there is no question as to the fact that a myocardial infarction was sustained by the petitioner during his employment on 22 February and where, as here, the crucial question is the causal relationship to the employment, we agree that an expert medical review of the facts to permit the doctors to form an opinion as to the causal relationship, or the absence thereof, is appropriate. By these statements we do not rule out the propriety of a review of the file by an individual doctor or by a board of specialists where the issue is the physical condition itself.

■ Two members of the Board were called as witnesses and testified on 1 July 1969. Both were examined as to stress, strain and tension and the causal relationship thereof to infarctions. Both were examined as to the causal relationship of the petitioner's physical activities of 22 February 1968 and the infarction of that date. Both expressed the opinion that there was no causal relationship.

Our review of the file convinces us that there was a conflict in the medical evidence

on the matter of causation. This was resolved against the petitioner.

The award is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.